**Sherry D. BOHLAND, Plaintiff— Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security, Defendant—Appellee.**

No. 01–15292.

D.C. No. CV–00–00082–ECR/VPC.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2002.*

Decided July 19, 2002.

Before GOODWIN, HAWKINS, and FISHER, Circuit Judges.

MEMORANDUM **

Sherry Bohland filed her application for supplemental security income in 1995 based on severe depression and extreme pain in her arms and joints. In 1996, her depression was diagnosed by her treating psychiatrist as stemming from an adjustment disorder with mixed anxiety and depressed mood and post traumatic stress disorder, chronic, delayed onset. In 1997, the pain in her joints was diagnosed as resulting from fibromyalgia—a connective tissue disorder of chronic, severe pain and chronic fatigue. The administrative law judge ("ALJ") rejected Bohland's claim for disability benefits because he found credible neither Bohland's nor her physicians' testimony about the severity of her symptoms.

In order to reject the uncontradicted conclusions of a treating physician, and of a claimant's testimony about the severity of symptoms from medically diagnosed medical conditions, the ALJ must provide clear and convincing reasons—the highest standard of justification in Social Security cases. *Moore v. Comm'r of SSA,* 278 F.3d 920, 924 (9th Cir.2002); *Vertigan v. Halter,* 260 F.3d 1044, 1049 (9th Cir.2001); *Lester v. Chater,* 81 F.3d 821, 830 (9th Cir.1995). The ALJ did not meet this standard. The testimony of Bohland and her physician support each other and are supported by the medical records in the file. The ALJ's characterization of Bohland's testimony as supporting a conclusion that she was able independently to perform many activities of daily living is not supported by the transcript of the hearing. Even if the ALJ's characterization of Bohland's testimony was accurate, it does not show that Bohland was "able to spend a *substantial part* of [her] day engaged in pursuits involving the performance of physical functions that are transferable to a work setting." *Vertigan,* 260 F.3d at 1049 (emphasis in original). "One

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

does not need to be 'utterly incapacitated' in order to be disabled." *Id.* at 1050.

Under step three of the five-step sequential evaluation process for determining whether a claimant is disabled, *see* 20 C.F.R. § 404.1520(a)-(f), an award of benefits is required if the claimant has an impairment which is listed in Appendix I that meets the duration requirement for award of benefits. 20 C.F.R. § 404.1520(d). The ALJ found that Dr. Small's conclusions about the severity of Bohland's emotional impairment, "if supported by the record, would satisfy the criteria of listings 12.04 [affective disorders] and 12.06 [anxiety-related disorders]." At step five of the process, the Social Security Administration has the burden of showing that the claimant can perform other work available in substantial numbers in the national economy. The ALJ found that Bohland's testimony, if credited, established that she could not perform any job in the national economy.

Because (1) the ALJ failed to provide legally sufficient reasons for rejecting the testimony of Bohland and her physician, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited, we remand for determination of benefits. *Smolen v. Chater,* 80 F.3d 1273, 1292 (9th Cir.1996).

REVERSED AND REMANDED.